Adon Smith, Appellant, v. John F. Clark, Respondent.

(General Term Third Department, September, 1870.)

The defendant drove his horse upon the towing-path of a canal where it was frightened at a boat rising in a canal lock, and ran away, coming in contact with the plaintiff's team upon the highway and causing them to run away and injure themselves. In an action to recover damages for the injuries there was evidence to show that the defendant's horse was newly owned by him and young, and that he was driven near to the lock in which the boat was rising, with full knowledge by the defendant of the danger.—Held, that the court erred in refusing the plaintiff's request to charge the jury as follows, viz.: " that although the defendant was rightfully upon the towing-path of the canal, so far as incurring a penalty to the State was concerned, yet he assumed the risk in driving there, and the question, whether or not it was negligence in driving there, is a question for the jury upon the proof."

This cause was tried at the Oneida County Circuit, held at Utica in February, 1869.

The action was brought to recover damages for injuries received by the plaintiff's horses, under the following circum stances, as they appeared in evidence.

Smith *v.* Clark.

The plaintiff's team, while driven by his servant along the highway from Clinton to Hamilton, toward a bridge some ten or twelve rods distant, crossing the Chenango canal, over which the highway ran, were frightened by the defendant's horse which was running away in an opposite direction, became unmanageable, and ran away, and were seriously injured.

The defendant had driven his horse from the highway upon the towing-path of the Chenango canal for the purpose of collecting a debt from a lock tender of the canal, and while here upon a narrow part of the towing-path, an embankment some eighteen or twenty feet in width, and driving in close proximity to a lock in which there was a boat then rising upon the water, his horse was frightened by the appearance of the boat above the sides of the lock, turned and jumped down the embankment, overturned the skeleton wagon to which he was attached and ran away, going back upon the highway, and coming into collision with the plaintiff's team which was drawn up, upon the approach of the running horse, to the side of the road, caused them to break the pole of their wagon, and run away. The jury rendered a verdict in favor of the defendant.

The principal questions raised, arise upon the charge of the judge to the jury, to which exceptions were taken, and which so far as material are stated in the opinion.

The plaintiff moved for a new trial upon the minutes, which was denied, and the plaintiff appealed from the order. The plaintiff also made and served a bill of exceptions which was ordered to be heard in the first instance at the General Term.

*Charles Mason,* for the plaintiff.

*J. Thomas Spriggs,* for the defendant.

Present—MILLER, P. J., POTTER and PARKER, JJ.

Smith v. Clark.

By the Court—MILLER, P. J.  It is clear to my mind that the judge erred upon the trial in refusing to charge the jury as requested in the third proposition submitted by the plaintiff's counsel which was as follows : " That although the defendant was rightfully upon the towing-path of the canal, so far as incurring a penalty to the State was concerned, yet he assumed the risk in driving there, and the question whether or not it was negligence in driving there, is a ques- tion for the jury upon the proof."

The defendant was driving upon the towing-path unlaw- fully and in violation of the provisions of a statute, which made him liable for a penalty for the act.    (1 R. S., 5 ed., 633, § 320.)   It was a construction not intended for ordinary traveling, outside of the public highways, which are made and appropriated for that purpose, but designed solely and used only for the business connected with the canal.   It was also a place where horses would be exposed to unusual risks and dangers, and to accidents more than while engaged in traveling the public highways.   They would be liable in all human probability, to be thrown in, or in case of fright to run into the canal; to be alarmed by the movements of large objects like canal boats, which they were not accustomed to encounter, and which would be likely to frighten them and place them beyond the control of their drivers.   It would be an unusual place, a strange locality for these animals to travel.   The fact that the defendant's horse took fright while the boat was rising in the lock, is very strong evidence, at least of the impropriety of driving him to a spot where he would be likely to encounter such incidents and objects of such an extraordinary character.

Independent of these general considerations there was proof on the trial showing that the horse was young and had not been owned for a great length of time by the defendant, and that he was driven along near the balance beam of the lock, while the boat was rising in the lock, with full knowl- edge of the danger of the locality.   Whether the defendant was reckless in thus driving the horse at the place and under

the circumstances was an important question for the jury. The facts presented certainly tend to establish negligence on the part of the defendant, and I think that the plaintiff had a right to have the question of negligence upon the proof submitted to the jury directly in the form of the request made.

Even if it be conceded that the defendant might rightfully and lawfully enter upon the tow-path, for the purpose of demanding and collecting the debt which was due him, which may perhaps be questionable, and which it is unnecessary to decide if the charge was erroneous, yet it by no means follows that he was authorized to go there with a spirited horse, which might and would be likely to be frightened, and actually was frightened by the dangers incident to the locality. I think he assumed the risk in driving there; was liable if guilty of negligence in this respect, and that this was entirely a question for the jury to determine.

I have examined to ascertain whether the charge of the judge, as made, covered the proposal to charge, which was refused, and I do not think that it is sufficient in this respect. It is true the judge said in the commencement of his charge that it was a question for the jury to determine whether there was a negligence on the part of the defendant which produced the injury, but he proceeded to state afterwards that if the defendant was there for the purpose of seeking his debtor and demanding money that was due at the time, he was there for a legitimate purpose, and if for that purpose, he was there without fault, and he had a right lawfully to be there, and he was not chargeable with the consequences unless there was negligence in the management of his team. It is manifest, I think, that this language does not cover the proposition that, if *rightfully* there, he assumed the risk, and it was for the jury to determine whether it was negligence in driving there. The judge also stated in a subsequent portion of the charge, that if the jury found that the defendant was there improperly, that the horse escaped by reason of it, and the running away of the horse produced the injury to the

plaintiff's team, and the question of negligence on the part of the defendant was established, their verdict would follow, unless they found the other fact, that there was negligence on the part of the plaintiff contributing to the injury. This part of the charge was made upon the assumption that the defendant was not rightfully there for the purpose of demanding his debt, and does not in any way touch the case stated in the proposition to charge, which assumed he was rightfully there, so far as the penalty was concerned, yet, that under all the circumstances existing and surrounding the transaction, he might be guilty of negligence in driving the horse in an unfrequented, unusual and dangerous route, away from the accustomed traveled roads and highways, and where he would necessarily be liable to encounter obstacles and objects which might produce apprehension and fright, and be the cause, as in this case, of serious and extended injuries to others.

Whether such an act was negligent was not a question of law, but one of fact, peculiarly fitted for the consideration of a jury. The question of negligence depended upon the facts proven, which tended to establish recklessness on the part of the defendant in the act done, and upon the judgment and discretion, which should be exercised in view of the difficulties to be encountered, and the plaintiff was entitled to the judgment of the jury upon it.

As the charge of the judge was erroneous, and a new trial must be granted on that account, it is not essential to examine the other questions raised on the argument.

Order appealed from reversed, and a new trial granted, with costs to abide the event.